JAMES A. CANTWELL *et al.*, Respondents, *v.* CHARLES MASSMAN *et al.*, Appellants.

1. *Mechanics' lien, action on — Continuous delivery — Statutory limitation.—* In suit on a mechanics' lien, the petition alleged that between certain dates plaintiffs delivered divers material to defendants. The first delivery was more than six months anterior to the filing of the lien: *held,* that a fair construction of this averment was that the sales and deliveries were continuous between the dates mentioned, and that the whole account was brought within the statutory limit of six months. ( Gen. Stat. 1865, ch. 195, § 5.)

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish,* for appellants.

*H. A. Haeussler,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding to enforce a mechanics' lien. The petition avers that the plaintiffs, between the 1st of March, 1868, and the 28th of April, 1868, sold and delivered to three of the defendants a boiler and other articles, describing them, which are alleged to have been used in the erection of a distillery of the purchasers.

Two of the defendants answer, and set up as an affirmative defense the fact that the articles in question were sold at the agreed price of $315, and that the " defendants paid on account thereof the sum of $50, and closed the account by giving them a note for the balance." It is then alleged that the note had been sued on, and became merged in a judgment.

The allegation of the petition as to the time when the articles were sold and delivered is not denied ; nor does that point appear to have been in the mind of the pleader when drawing the answer. The defense was rested on other grounds.

At the trial, the court instructed that the " plaintiffs had six months, after the delivery of the last article in their count, in which to file their lien." Was that instruction warranted ? That is the only point in the case requiring notice.

The instruction assumes that the first and last items in the

account had such connection as to make, with the intervening items, a connected whole, one job. The instruction involves this assumption for the reason that the first delivery was more than six months anterior to the filing of the lien, as is shown both by the evidence and the pleadings, and could not, therefore, come within the provisions of the statute (Gen. Stat. 1865, p. 766, § 5) unless it had a connection with the subsequent deliveries.

Had the fact assumed rested upon conflicting testimony, it would clearly have been the duty of the court to have submitted the point to the determination of the jury. But the fact did not rest upon the testimony, since it stood admitted by the pleadings. No issue is made as to the time of sale and delivery. The petition avers that the articles in question were sold and delivered " between the 1st of March and the 28th of April, 1868," and the answer does not deny it. The averment is material, and the fair construction of it is that the sales and deliveries were continuous, commencing on the 1st of March and ending the 28th of April. (Driesbach v. Keller, 2 Penn. St. 77.) It is also alleged that all the articles sold were for one and the same erection.

This brings the whole account within the statutory limit of six months. As these allegations are not denied by the answer, they must be taken as admitted. The instruction, therefore, was predicated upon an admitted state of facts, and gave the law arising upon those facts correctly.

With the concurrence of the other judges, the judgment will be affirmed.